**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

CRUSO R. WALLACE,

        Petitioner,

v.                                    CIVIL ACTION NO.  5:04-cv-00732
                                    (CRIMINAL ACTION NO. 5:02-cr-00101-3)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION**

In accord with this Court's Standing Order entered on May 20, 2002, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge Stanley filed her PF&R on July 11, 2006 [Docket 237].  In that filing, the magistrate judge recommended that this Court deny Petitioner's motion filed pursuant to 28 U.S.C. § 2255 and remove this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to object to magistrate judge's report and recommendation in district court, she waives appellate review

of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected). Here, Petitioner filed timely objections to Magistrate Judge Stanley's PF&R.

## I. BACKGROUND

The full factual and procedural history of this action and Petitioner's related criminal case (Criminal Action No. 5:02-101-3) is set forth in the PF&R. On July 19, 2004, Petitioner filed the instant action pursuant to 28 U.S.C. § 2255. Petitioner thereafter moved to amend his § 2255 motion, which Magistrate Judge Stanley granted on July 10, 2006. Petitioner's § 2255 motion states four bases for relief: (1) his attorney, J. Steven Hunter, Esq., provided ineffective assistance during his plea negotiations, at sentencing, and on appeal; (2) his plea agreement was only beneficial to the Government; (3) there was no jury finding regarding the quantity of drugs attributed to him in his Presentence Report; and (4) certain enhancements which increased his sentence were not presented to a jury.

In her PF&R, Magistrate Judge Stanley recommends denying Petitioner's § 2255 motion because each of his four bases for relief lack merit.

## II. OBJECTIONS TO PF&R

Petitioner objects to the magistrate judge's recommendation with regard to the Claim 1 of his § 2255 motion, but fails to object to Claims 2, 3, and 4. Accordingly, Petitioner has waived his right of review with regard to Claims 2, 3, and 4 of his § 2255 motion, and the Court **ADOPTS** the magistrate judge's recommendations with regard to those claims.

In addressing Petitioner's ineffective assistance of counsel arguments contained in Claim 1, the magistrate judge first reviewed Petitioner's plea agreement in his criminal case and determined

that Mr. Hunter's representation was not ineffective during plea negotiations.  The magistrate judge next noted that "Defendant has not provided sufficient information or argument for the court to understand his contention that his attorney [was ineffective at sentencing and appeal.]"  After reviewing Petitioner's criminal file, the magistrate judge concluded that Mr. Hunter was not ineffective at sentencing or on appeal.

Petitioner objects to the magistrate judge's recommended finding that Mr. Hunter was not ineffective in his criminal case.  In support of his objections, Petitioner argues that Mr. Hunter was ineffective in four ways.  First, Mr. Hunter should have advised him to plead to a count of the indictment other than the conspiracy count because he was ultimately exposed to additional relevant conduct through the conspiracy.  Second, Mr. Hunter should have challenged the Presentence Report's finding regarding the quantity of drugs attributed to him through the conspiracy.  Third, Mr. Hunter should have challenged the Presentence Report's application of a gun enhancement.  Finally, Mr. Hunter should have raised the drug quantity and gun enhancement issues on appeal.  The Court notes that <u>none</u> of these four issues were presented to the magistrate judge.

Under the Federal Magistrates Act, magistrate judges may "conduct hearings, including evidentiary hearings, and to submit to a [district judge] proposed findings of fact and recommendations for the disposition [of the matter.]"  28 U.S.C. § 636(b)(1)(B).  The parties have 10 days to file objections to proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  However, "[r]eview of a Magistrate's ruling . . . does not permit consideration of issues not raised before the Magistrate. . . .  A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship,* 784 F. Supp. 1223, 1228 (E.D. Va. 1991).  *See also Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 10 (1st Cir.

2000) ("The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding."). In *Jesselson,* the Court concisely states the reasoning underlying this rule:

> This rule is based upon the same concept which prevents parties from arguing in the appellate courts issues and arguments not raised below. Moreover, the purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. Allowing Plaintiffs to present their case to the Magistrate, and then, because they were unsuccessful, present new issues and arguments to this Court frustrates this purpose. The Magistrates Act was not intended to 'give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.' Plaintiffs have not raised any claim of exceptional circumstances to justify or excuse their failure to make these new arguments before the magistrate.

*Jesselson*, 784 F. Supp. at 1228-29 (internal citations omitted).

Allowing parties, including *pro se* litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation. Parties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them. This is especially true for a § 2255 petitioner, who may well be foreclosed from seeking future relief. *See* 28 U.S.C. § 2255 (second or successive § 2255 motion may only be filed under limited conditions by order of Court of Appeals).

Here, Petitioner makes four arguments in support of his objections to the PF&R, none of which were made to the magistrate judge. Petitioner asserts no exceptional circumstances for his failure to have presented these issues to the magistrate judge. Therefore, the Court **FINDS** that Petitioner waived the arguments set forth in his objections, and, accordingly, **ADOPTS** the recommendations in the PF&R.

-4-

*III.  CONCLUSION*

Based on the above, the Court **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. §

2255 and **DISMISSES** this case from the Court's docket.  A Judgment Order will be entered this

day implementing the rulings contained herein.

ENTER:        June 18, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

-5-